Exhibit "A"



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
801 US Highway 1 North Palm Beach, FL 33408

*Jn Louis, Michelet*
*2021 686402*

*7-20-21*     10/15/2021
*MJ*
*Attn MP*

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

## SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2021-270

| 1. | Entity Served: | Werner Enterprises, Inc. |
|---|---|---|
| 2. | Title of Action: | Nicola Farina vs. Michelet JN Louis and Werner Enterprises Inc. |
| 3. | Document(s) Served: | Letter<br>Notice of Electronic Filing<br>Summons<br>Verified Complaint |
| 4. | Court/Agency: | Kings County Supreme Court |
| 5. | State Served: | New York |
| 6. | Case Number: | 519558/2021 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Thursday 10/14/2021 |
| 10. | Date to Client: | Friday 10/15/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | See Notes     CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Ramy Joudeh<br>Mineola, NY<br>(516) 540-2000 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 331 |
| 16. | Notes: | Please note that this document was served upon the State of New York Department of State on 08/12/2021 and Corporate Creations received it on 10/14/2021. Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

ROSSANA ROSADO
SECRETARY OF STATE

October 08, 2021

C/O CORPORPATE CREATIONS NETWORK INC.
15 NORTH MILL STREET
NYACK NY 10960, USA

| | |
|---|---|
| RE: Party Served: | WERNER ENTERPRISES, INC. |
| Plaintiff/Petitioner: | NICOLA FARINA |
| Receipt Number: | 202110080182 |
| Date Served: | 08/12/2021 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS

----------------------------------------------------------------X

NICOLA FARINA

                              Plaintiff/Petitioner,

           - against -                                        Index No.519558/2021

MICHELET JN LOUIS and WERNER ENTERPRISES
INC

                              Defendant/Respondent.

----------------------------------------------------------------X

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or Internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 4, 2021

Ramy Joudeh
        Name
Joudeh Kuller & Ram, LLP

        Firm Name

1539 Franklin Avenue, Suite 101
            Address

Mineola, New York 11501

(516) 540 2000
          Phone

efile@jkrlawgroup.com
          E-Mail

To:   WERNER ENTERPRISES INC

      14507 Frontier Road

      Omaha, Nebraska 68138

6/6/18

**SUPREME COURT·OF THE STATE OF NEW YORK**

**COUNTY OF** KINGS

-------------------------------------------------------------------X

NICOLA FARINA

                        Plaintiff/Petitioner,

        - against -                                        Index No.519558/2021

MICHELET JN LOUIS and WERNER ENTERPRISES
INC

                        Defendant/Respondent.
-------------------------------------------------------------------X

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

            - serving and filing your documents electronically

            - free access to view and print your e-filed documents

            - limiting your number of trips to the courthouse

            - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 4, 2021

Ramy Joudeh
  Name
Joudeh Kuller & Ram, LLP

  Firm Name

1539 Franklin Avenue, Suite 101
  Address

Mineola, New York 11501

(516) 540 2000
  Phone

efile@jkrlawgroup.com
  E-Mail

To: MICHELET JN LOUIS

  512 N Centre Street, Apt 21

  Pottsville, PA 17901

6/6/18

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

===============================================X

NICOLA FARINA,

               Plaintiff,

   -against-

MICHELET JN LOUIS and WERNER ENTERPRISES,
INC

              Defendants.

===============================================X

Index No.: 519558/2021
Date of Purchase: August 4, 2021

**SUMMONS**
Plaintiff designates KINGS
County as place of trial

The basis of venue is:
Location of Accident:
Eastbound Brooklyn Queens
Expressway (I-278) at or near
Flushing Avenue Exit, in the
Brooklyn, NY

To the above named defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Mineola, New York
       August 4, 2021

                         Yours, etc.
                         JOUDEH KULLER & RAM, LLP

                         BY: RAMY JOUDEH
                         Attorneys for Plaintiff
                         1539 Franklin Avenue
                         Suite 101
                         Mineola, New York 11501
                         (516) 540-2000
                         File No.: 1133.RJBK

To:    Defendant's Addresses
       **Werner Enterprises INC**
       14507 Frontier Rd
       Omaha, Nebraska 68138

       **Michelet Jn Louis**
       512 N Centre Street
       APT 21
       Pottsville, PA 17901

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

========================================X

NICOLA FARINA,

                Plaintiff,

    -against-

MICHELET JN LOUIS and WERNER ENTERPRISES
INC.

                Defendants.

========================================X

Index No.: 519558/2021

Date of Purchase: August 4, 2021

**VERIFIED COMPLAINT**

      Plaintiffs by his attorneys JOUDEH KULLER & RAM, LLP., complaining of the defendants herein, respectfully show to this court and alleges as follows:

      1.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS**, owned a motor vehicle bearing Nebraska registration number W26409.

      2.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS**, operated of a motor vehicle bearing Nebraska registration number W26409.

      3.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS**, maintained a motor vehicle bearing Nebraska registration number W26409.

      4.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS**, managed a motor vehicle bearing Nebraska

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

registration number W26409,.

5.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS**, controlled a motor vehicle bearing Nebraska registration number W26409,.

6.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS,** was acting within his scope of employment at the time his vehicle came into contact with the plaintiff.

7.     That on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the defendant **MICHELET JN LOUIS** was employed by and/or acting on behalf of the defendant **WERNER ENTERPRISES INC.**

8.     That on July 20, 2021, and upon information and belief, the defendant, **WERNER ENTERPRISES INC.** was the owner of a motor vehicle bearing Nebraska registration number W26409.

9.     That on July 20, 2021, and upon information and belief, the defendant, **MICHELET JN LOUIS** operated a motor vehicle bearing Nebraska registration number W26409, with the knowledge, permission and consent of defendant **WERNER ENTERPRISES INC**

10.     That on July 20, 2021, and upon information and belief, the defendant, **MICHELET JN LOUIS** maintained a motor vehicle bearing Nebraska registration number W26409, with the knowledge, permission and consent of defendant **WERNER ENTERPRISES INC.**

11.     That on July 20, 2021 and upon information and belief, the defendant,

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

MICHELET JN LOUIS managed a motor vehicle bearing Nebraska registration number W26409, with the knowledge, permission and consent of defendant WERNER ENTERPRISES INC.

12.     That on July 20, 2021, and upon information and belief, the defendant, MICHELET JN LOUIS controlled a motor vehicle bearing Nebraska registration number W26409, with the knowledge, permission and consent of defendant WERNER ENTERPRISES INC.

13. That on July 20, 2021, and upon information and belief, the defendant, WERNER ENTERPRISES INC. negligently entrusted defendant MICHELET JN LOUIS with a motor vehicle bearing Nebraska registration number W26409, with the knowledge, permission and consent of defendant Werner Enterprise .

14. Defendant WERNER ENTERPRISES INC. had actual and constructive notice of Michelet Jn Louis poor driving record, suspensions, revocations, inability to rent vehicles, inability to purchase vehicles, and propensity to cause harm to others on the roadway.

15.     That on July 20, 2021, and at all of the times hereinafter mentioned, Eastbound Brooklyn Queens Expressway (I-278) at or near Flushing Avenue Exit, in the county of Kings, State of New York, was and still is a public highway used extensively by the public in general.

16.     That on July 20, 2021, the plaintiff, NICOLA FARINA, was operating a motor vehicle at the location hereinafter described.

17.     That on July 20, 2021, at the aforesaid location, the aforesaid motor vehicle came in contact with plaintiff NICOLA FARINA, vehicle.

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM

NYSCEF DOC. NO. 1

INDEX NO. 519558/2021

RECEIVED NYSCEF: 08/04/2021

18.     That on July 20, 2021, at the aforesaid location, the aforesaid motor vehicle came in contact with the plaintiff, **NICOLA FARINA,**

19.     That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the defendant owned, operated, maintained, managed, entrusted, rented, leased and controlled his motor vehicle without this plaintiff in any way contributing thereto.

20. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the defendant maintained, inspected, repaired, renovated and/or failed to repair or renovate the motor vehicle and/or parts therein on the date of accident and prior to the date of accident.

21.     That by reason of the foregoing and the negligence of the defendant, the plaintiff **NICOLA FARINA,** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

22.     That by reason of the foregoing, the plaintiff, **NICOLA FARINA,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor for medicines and upon information and belief, the plaintiff, **NICOLA FARINA,** will necessarily incur similar expenses.

23.     That by reason of the foregoing, the plaintiff, **NICOLA FARINA,** has been unable to attend to his usual occupation in the manner required.

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

24.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, **NICOLA FARINA**, sustained serious injuries as defined in Section 5102(d) of the Insurance Law of The State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

25.     That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

26.     That as a result of the foregoing, the plaintiff, **NICOLA FARINA**, was damaged in an amount exceeds the jurisdictional limits of the lower courts.

WHEREFORE, plaintiffs demand judgment against the defendants on each cause of action in the amount that exceeds the jurisdictional limits of the lower courts, all together with cost and disbursements of this action.

Dated:  Mineola, New York
        August 4, 2021


                                JOUDEH KULLER & RAM, LLP.
                                BY:
                                _____
                                RAMY JOUDEH
                                Attorneys for Plaintiff
                                1539 Franklin Avenue,
                                Suite 101
                                Mineola, New York 11501
                                (516) 540-2000
                                File No.: 1133.RJBK

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

STATE OF NEW YORK, COUNTY OF Nassau          ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the Plaintiffs in the within action; I have read the foregoing **VERIFIED SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my clients, is that my clients are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Mineola, New York
         August 4, 2021

_____
Ramy Joudeh

FILED: KINGS COUNTY CLERK 08/04/2021 02:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 519558/2021
RECEIVED NYSCEF: 08/04/2021

Index No.: 519558/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

NICOLA FARINA,

Plaintiff,

-against-

MICHELET JN LOUIS and WERNER ENTERPRISES
INC

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

JOUDEH KULLER & RAM, LLP

Attorneys for Plaintiff

Office and Post Office Address, Telephone

1539 Franklin Avenue

Suite 101

Mineola, New York 11501

516-540-2000

File No.: 1133.RJBK

OCT 1 4 2021

182

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021

RECEIVED NYSCEF: 10/22/2021

LSK&D #: 901-0049 / 4887-1082-4704

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

------------------------------------------------------------------x

NICOLA FARINA,

                              Plaintiff,

               -against-

MICHELET   JN   LOUIS   and   WERNER
ENTERPRISES INC.,

                             Defendants.

------------------------------------------------------------------x

**Index No.: 519558/2021**

**VERIFIED ANSWER**

        Defendants, MICHELET JN LOUIS and WERNER ENTERPRISES, INC. s/h/a WERNER ENTERPRISES INC., by their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering Plaintiff's Verified Complaint dated August 4, 2021 respectfully states as follows:

        1.     Deny each and every allegation contained in paragraphs "1", "13", "14", "19", "20", "21", "22", "23" and "26" of the Verified Complaint.

        2.     Deny each and every allegation contained in paragraph "2" of the Verified Complaint except admit that on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the Defendant MICHELET JN LOUIS, operated of a motor vehicle bearing Nebraska license plate number W26409.

        3.     Deny each and every allegation contained in paragraphs "3", "4", "5", "10", "11", "12", "24" and "25" of the Verified Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

        4.     Deny each and every allegation contained in paragraph "6" of the Verified Complaint except admit that on July 20, 2021, and at all times hereinafter alleged, and upon

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021
RECEIVED NYSCEF: 10/22/2021

information and belief, the Defendant MICHELET JN LOUIS, was acting within his scope of employment at the time that the vehicles came into contact.

5.     Deny each and every allegation contained in paragraph "7" of the Verified Complaint except admit that on July 20, 2021, and at all times hereinafter alleged, and upon information and belief, the Defendant MICHELET JN LOUIS was employed by and/or acting on behalf of WERNER ENTERPRISES, INC.

6.     Deny each and every allegation contained in paragraph "8" of the Verified Complaint except admit that on July 20, 2021, and upon information and belief, WERNER ENTERPRISES, INC. was the owner of a motor vehicle bearing Nebraska license plate number W26409.

7.     Deny each and every allegation contained in paragraph "9" of the Verified Complaint except admit that on July 20, 2021, and upon information and belief, the Defendant MICHELET JN LOUIS operated a motor vehicle bearing Nebraska license plate W26409, with the knowledge, permission and consent of WERNER ENTERPRISES, INC.

8.     Admit the allegations contained in paragraph "15" of the Verified Complaint.

9.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Verified Complaint.

10.     Deny each and every allegation contained in paragraphs "17" and "18" of the Verified Complaint except admit that on July 20, 2021, at the aforesaid location, the aforesaid motor vehicles were in contact.

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021
RECEIVED NYSCEF: 10/22/2021

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11.     The accident described in the Verified Complaint did not result in a "serious injury" to any plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, plaintiff had and has no right to institute, maintain or prosecute this action and are barred from doing so.

12.     The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and (4)b] of the Insurance Law of the State of New York, and (his, her or their) exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.     The Plaintiff was negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.     That Plaintiff has failed to mitigate his damages by not availing himself of the benefits of The Patient Protection and Affordable Care Act (Public Law 111-148) and The Health Care and Education Affordability Reconciliation Act (Public Law 111-152), which would permit him/her to obtain all necessary health care required to treat, remediate and/or resolve all of his claimed accident-related injuries and sequelae.

15.     Therefore, Plaintiff's claims for future medical care must be dismissed.

INDEX NO. 519558/2021
RECEIVED NYSCEF: 10/22/2021

NYSCEF DOC. NO. 6

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.    The liability of the Defendants, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17.    In the event Plaintiff recovers a verdict or judgment against the Defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(a) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18.    Defendants allege that other parties, whether named or unnamed in Plaintiff's Verified Complaint, and whether known or presently unknown to Defendants, were negligent or legally responsible or otherwise at fault for the damages alleged.  Therefore, Defendants request that in the event any party recovers against Defendants, whether by settlement or judgment, an apportionment of fault be made by Court or jury as to all parties.  Defendants further request a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19.    That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of the answering Defendants.

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021
RECEIVED NYSCEF: 10/22/2021

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20.     That if the Plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering Defendants were not obligated to exercise supervision or control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21.     Plaintiff has failed to join a necessary and indispensable parties in some or all of the causes of action who would be responsible for the damages alleged in Plaintiff's Verified Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22.     The Verified Complaint of the Plaintiff fails to state a cause of action cognizable in law or equity against the answering Defendants and the Verified Complaint must therefore be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

23.     Pursuant to General Obligations Law §15-108, Plaintiff's claim should be diminished in whole or in part in any amount paid by or fairly allocable to any party with whom Plaintiff has settled or may settle.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

24.     That the liability of the answering Defendants, if any, is limited to the percentage of culpability found against them by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

25.     In the event any Plaintiff herein recovers a verdict for personal injury, the amount of such recovery should be reduced by any payment that Plaintiff received under the medical payment provisions of any policy of automobile liability insurance.

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021
RECEIVED NYSCEF: 10/22/2021

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

26.     The answering Defendants owed no duty of care to the Plaintiff, and accordingly, this action must be dismissed as against the answering Defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

27.     Defendants assert that they intend to rely upon such other defenses as may be available or apparent during discovery proceedings in this case and hereby reserve their right to amend their Answer to plead said defenses.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

28.     The Plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and(4)b] of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

29.     Defendants assert that all claims of Plaintiff are barred or diminished because of the failure of Plaintiff to preserve evidence.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

30.     If Plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than the Defendants, over whom they had no control, or by the superseding interventions of causes outside of their control.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

31.     The incident or incidents of which Plaintiff complains, and Plaintiff's injuries and damages, if any, were the result of an unavoidable accident as that term is defined and recognized by law.

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021

RECEIVED NYSCEF: 10/22/2021

**WHEREFORE,** the answering Defendants demand judgment dismissing the Verified

Complaint of the Plaintiff, together with the attorneys' fees, costs and disbursements of this action.

Dated:       New York, New York
             October 22, 2021

                                    Yours, etc.

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    *Allyson B. Belmont*
                                    _____
                                    Allyson B. Belmont
                                    Attorneys for Defendants
                                    MICHELET    JN    LOUIS    and    WERNER
                                    ENTERPRISES,    INC.    s/h/a    WERNER
                                    ENTERPRISES INC.
                                    100 Wall Street
                                    New York, New York  10005
                                    (212) 964-6611

TO:

Joudeh Kuller & Ram, LLP
1539 Franklin Avenue, Suite 101
Mineola, New York 11501
Attn: Brett Kuller, Esq.
Attorneys for Plaintiff
T: (516) 540-2000
F: (516) 540-2002
E: bkuller@jkrlawgroup.com

NYSCEF DOC. NO. 6

INDEX NO. 519558/2021
RECEIVED NYSCEF: 10/22/2021

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is an associate of the firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for Defendants, MICHELET JN LOUIS and WERNER ENTERPRISES, INC. s/h/a WERNER ENTERPRISES INC.

That she has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters she believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of her belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated: New York, New York
       October 22, 2021

*Allyson B. Belmont*
_____
**Allyson B. Belmont**

NYSCEF DOC. NO. 7

INDEX NO. 519558/2021

RECEIVED NYSCEF: 10/22/2021

STATE OF NEW YORK　　　　　)
　　　　　　　　　　　　　　) ss
COUNTY OF NEW YORK　　　　)

　　　　**IRIS M. REYES**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Kings County.  That on October 22, 2021, she served the within VERIFIED ANSWER upon:

> Joudeh Kuller & Ram, LLP
> 1539 Franklin Avenue, Suite 101
> Mineola, New York 11501
> Attn: Brett Kuller, Esq.
> Attorneys for Plaintiff
> T: (516) 540-2000
> F: (516) 540-2002
> E: bkuller@jkrlawgroup.com
> **USPS Tracking No.: 9114 9022 0078 9690 0178 70**

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_IRIS M. REYES_

Sworn to before me this
22nd day of October, 2021

Catherine Pascarella
Commissioner of Deeds
City of New York, No. 5-515
Certificate Filed in NY County
Commission Expires May 1, 20__



# NYSCEF Confirmation Notice

## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 10/22/2021 11:05 AM. Please keep this notice as a confirmation of this filing.

### 519558/2021
### NICOLA FARINA v. MICHELET JN LOUIS et al
### Assigned Judge: None Recorded

## Documents Received on  10/22/2021 11:05 AM

| Doc # | Document Type |
| --- | --- |
| 6 | ANSWER |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE |

## Filing User

Allyson B Belmont | abelmont@lskdnylaw.com | 212-964-6611
100 Wall Street, New York, NY 10005

## E-mail Notifications

An email regarding this filing has been sent to the following on 10/22/2021 11:05 AM:

**ALLYSON B. BELMONT - abelmont@lskdnylaw.com**
**RAMY JOUDEH - efile@JoudehKuller.com**
**JOSHUA RAM - Jram@theramlawgroup.com**

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9766 or 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

FILED: KINGS COUNTY CLERK 02/08/2022 02:12 PM

NYSCEF DOC. NO. 8

INDEX NO. 519558/2021

RECEIVED NYSCEF: 02/08/2022

LSK&D #: 901-0049 / 4884-7581-8253

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------x

NICOLA FARINA,

                                  Plaintiff,

              -against-

MICHELET JN LOUIS and WERNER
ENTERPRISES INC.,

                               Defendants.

------------------------------------------------------------x

**Index No.: 519558/2021**

**REQUEST FOR A
PRELIMINARY
CONFERENCE**

      The undersigned requests a preliminary conference.

      The nature of this action is to recover monetary damages for personal injuries and damages

allegedly sustained by Plaintiff.

      The names, addresses, and telephone numbers of all attorneys appearing in the action are

as listed below.

      Annexed hereto is an affirmation of good faith pursuant to 22 NYCRR 202.12(a).

Dated:     New York, New York
          February 8, 2022

                     Yours, etc.

                     LESTER SCHWAB KATZ & DWYER, LLP

                     *Allyson B. Belmont*

                     Allyson B. Belmont
                     Attorneys for Defendants
                     MICHELET JN LOUIS and WERNER
                     ENTERPRISES, INC. s/h/a WERNER
                     ENTERPRISES INC.
                     100 Wall Street
                     New York, New York  10005
                     (212) 964-6611

FILED: KINGS COUNTY CLERK 02/08/2022 02:12 PM

NYSCEF DOC. NO. 8

INDEX NO. 519558/2021

RECEIVED NYSCEF: 02/08/2022

TO:

Joudeh Kuller & Ram, LLP
1539 Franklin Avenue, Suite 101
Mineola, New York 11501
Attn: Brett Kuller, Esq.
Attorneys for Plaintiff
T: (516) 540-2000
F: (516) 540-2002
E: bkuller@jkrlawgroup.com

FILED: KINGS COUNTY CLERK 02/08/2022 02:12 PM

NYSCEF DOC. NO. 9

INDEX NO. 519558/2021

RECEIVED NYSCEF: 02/08/2022

LSK&D #: 901-0049 / 4884-7581-8253

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------x

NICOLA FARINA,

                                Plaintiff,

-against-

MICHELET JN LOUIS and WERNER
ENTERPRISES INC.,

                              Defendants.

-------------------------------------------------------x

**Index No.: 519558/2021**

**AFFIRMATION OF
GOOD FAITH FOR
PRELIMINARY
CONFERENCE**

        Allyson B. Belmont, an attorney duly admitted to practice law before the Courts of the

State of New York, hereby affirms the following to be true under the penalties of perjury and

pursuant to CPLR 2106:

        1.     I am a member of the law firm of LESTER SCHWAB KATZ & DWYER, LLP,

attorneys for Defendants MICHELET JN LOUIS and WERNER ENTERPRISES, INC. s/h/a

WERNER ENTERPRISES INC. in the above-entitled action.

        2.     The undersigned is requesting a preliminary conference be held in this action.

        3.     I have conferred in good faith with the other parties to resolve disclosure or other

issues that might be the subject of the conference and the issues remain unresolved. It is apparent

that a preliminary conference needs to be held to resolve these issues.

Dated:     New York, New York
             February 8, 2022

                                *Allyson B. Belmont*
                              _____
                              Allyson B. Belmont

INDEX NO. 519558/2021

RECEIVED NYSCEF: 02/08/2022

NYSCEF DOC. NO. 10

**REQUEST FOR JUDICIAL INTERVENTION**

UCS-840
(rev. 07/29/2019)

SUPREME ☐ COURT, COUNTY OF Kings ☐

Index No: 519558/2021    Date Index Issued: 08/04/2021

| For Court Use Only: |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Nicola Farina

Plaintiff(s)/Petitioner(s)

-against-

Michelet JN Louis and Werner Enterprises Inc.,

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING** Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY** Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see *NOTE* in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ◉ Motor Vehicle
- ○ Products Liability (specify): _____
- ○ Other Negligence (specify): _____
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see *NOTE* in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: 08/04/2021 |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: 08/10/2021 |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: |

**NATURE OF JUDICIAL INTERVENTION** Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

INDEX NO. 519558/2021
RECEIVED NYSCEF: 02/08/2022

NYSCEF DOC. NO. 10

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| Case Title | | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | |
|---|---|---|---|---|---|
| Un-Rep | Parties List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined For each defendant, indicate if issue has been joined. | | Insurance Carriers For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Nicola Farina Role(s): Plaintiff ▼ | Brett Nollte Jonah Elafer & Rose, LLP 1578 Franklin Avenue, Suite 101, Mineola, New York 11501 | ⦿ YES  ○ NO | | |
| ☐ | Name: Michelet JN Louis Role(s): Defendant ▼ | Allyson B. Belmont Lester Schwab Katz & Dwyer, LLP 100 Wall Street, 27th Floor, New York, NY 10005 T: (212) 964-0011 | ⦿ YES  ○ NO | | |
| ☐ | Name: Werner Enterprises Inc. Role(s): Defendant ▼ | Lester Schwab Katz & Dwyer, LLP 100 Wall Street, 27th Floor, New York, NY 10005 T: (212) 964-0011 | ⦿ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: _____02/08/2022_____

_Allyson B. Belmont_
Signature

_____2810984_____
Attorney Registration Number

ALLYSON B. BELMONT
Print Name



# NYSCEF Confirmation Notice

## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 02/08/2022 02:12 PM. Please keep this notice as a confirmation of this filing.

**519558/2021**
**NICOLA FARINA v. MICHELET JN LOUIS et al**
**Assigned Judge: None Recorded**

## Documents Received on   02/08/2022 02:12 PM

| Doc # | Document Type |
|-------|---------------|
| 8 | PRELIMINARY CONFERENCE REQUEST |
| 9 | AFFIRMATION |
| 10 | RJI -RE: REQUEST FOR PRELIMINARY CONFERENCE |

## Filing User

Allyson B Belmont | abelmont@lskdnylaw.com | 212-964-6611
100 Wall Street, New York, NY 10005

## E-mail Notifications

An email regarding this filing has been sent to the following on 02/08/2022 02:12 PM:

**ALLYSON B. BELMONT - abelmont@lskdnylaw.com**
**RAMY JOUDEH - efile@JoudehKuller.com**
**JOSHUA RAM - Jram@theramlawgroup.com**

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9766 or 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

FILED: KINGS COUNTY CLERK 03/17/2022 09:20 AM
NYSCEF DOC. NO. 11

INDEX NO. 519558/2021
RECEIVED NYSCEF: 03/17/2022

At an IAS Term, Part PC of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on March 15, 2022 .

**P R E S E N T :**

**Hon.  LAWRENCE KNIPEL**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NICOLA FARINA

Plaintiff(s),

Index No.: 519558/2021

- against -

MICHELET JN LOUIS & WERNER ENTERPRISES INC.

Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CASE SCHEDULING ORDER (NON-CITY CASES)

✔ **Standard Track**          ☐ **Complex Track**

**IT IS HEREBY ORDERED** that Disclosure not already furnished shall proceed in accordance with the deadlines set forth below. The dates in this order may not be extended without advance approval of the court. Stipulations shall not be honored unless so-ordered by the court.

Page 1 of 6

FILED: KINGS COUNTY CLERK 03/17/2022 09:20 AM

NYSCEF DOC. NO. 11

INDEX NO. 519558/2021

RECEIVED NYSCEF: 03/17/2022

1. **Mandatory Notification:**
   a. All parties who listed an email address with the action at the NYSCEF site are deemed to have been served with this Order.
      i. Plaintiff's attorney shall, within ten days of the date of this order, transmit a copy to any counsel and to any self-represented litigant not already on the e-file list and shall e-file proof of said transmissions within ten days thereafter.
   b. To the extent that a case is not e-filed, plaintiff's attorney shall, within ten days of the date of this order, transmit a copy to all parties and file proof of said transmission within ten days thereafter.

2. **Insurance Information:**
   Pursuant to CPLR 3101(f), all parties shall exchange insurance and coverage information, including primary, excess and umbrella policies, by __4/12/2022__. If there is no umbrella or excess policy an affidavit to that effect, signed by defendant(s) and notarized, shall be provided by the same date.

3. **Bill of Particulars:**
   a: In the Bill of Particulars, the parties shall clearly delineate all claims of damages, including, but not limited to, loss of earnings/profit, medical expenses and physical injuries/limitations.

   b: If not already served, demand(s) shall be served by __3/29/2022__
      Bill(s) shall be served by __4/26/2022__.

   c: Defendants, to the extent applicable, to provide a verified bill of particulars as to affirmative defenses within 60 days of the date of this order.

4. **Authorizations:** Unless otherwise specified, all authorizations described below shall be served by __4/12/2022__. Defendants shall process each authorization within 30 days of receipt and shall follow up at least monthly until the records are received. If plaintiff timely provides proper authorizations then non-receipt of materials shall not be grounds for delaying plaintiff's deposition unless proof of timely processing, or proof of rejection by the provider, and follow-up is submitted to the plaintiff and/or court.

Page 2 of 6

FILED: KINGS COUNTY CLERK 03/17/2022 09:20 AM

NYSCEF DOC. NO. 11

INDEX NO. 519558/2021

RECEIVED NYSCEF: 03/17/2022

a:   Properly executed OCA Form 960 - HIPAA compliant authorizations shall be furnished for medical records, for this accident, from the date of this accident, including all subsequent and continuing treatment for the injuries alleged;

b:   If "exacerbation of a prior injury" is alleged, properly executed OCA Form 960 - HIPAA compliant authorizations shall be furnished for medical records from all providers who treated the prior injury that is alleged to have been exacerbated as a result of this accident;

c:   If a "loss of enjoyment of life" claim is alleged, properly executed OCA Form 960 - HIPAA compliant authorizations for medical records from all treating providers shall be furnished for five (5) years prior to the date of this accident;

d.   If a lost earnings claim is being made, properly executed authorizations for employment attendance records and IRS records if plaintiff is self-employed (or W-2s if plaintiff is an employee of another) shall be furnished for one year prior to this accident, the year the accident occurred and for one year after this accident. If the plaintiff's salary fluctuates, then the time frame shall be extended for two years prior to this accident, the year this accident occurred and for two years afer this accident;

e:   If no lost earnings claim is being made, then only properly executed authorizations for employment attendance records shall be furnished for one year prior to this accident, the year the accident occurred and for one year after this accident.

f:   Plaintiff(s) shall provide authorizations for collateral   source information (including but not limited to, workers compensation, social security disability, social security supplemental income, Medicaid, Medicare), if any.

g:   If plaintiff was a student at the time of the alleged accident, plaintiff shall provide authorizations for school attendance records for one year prior to this accident, the year the accident occurred and for one year after this accident.

Page 3 of 6

FILED: KINGS COUNTY CLERK 03/17/2022 09:20 AM
NYSCEF DOC. NO. 11

INDEX NO. 519558/2021
RECEIVED NYSCEF: 03/17/2022

5. **Witness and Other Information:** All parties shall exchange statements of opposing parties, photographs, accident reports prepared in the ordinary course of the preparer's business, video recordings, surveillance films and the names and addresses of all fact witnesses, to the extent these are known and in the possession of any party, by ___4/12/2022___ . If the existence of any of these items is unknown, or does not exist, then the parties shall serve by that date an affirmation clearly so specifying. This is a continuing obligation on all parties.

6. **Depositions:**
If plaintiff timely complies with section "4", (Authorizations), then all depositions of the parties must be completed on or before ___6/8/2022___ . Unless the parties have served proper notices of depositions prior to the date of this order, plaintiff shall be deposed first and defendants shall be deposed in the order in which their names appear in the caption. Within 20 days from this Order, the parties shall confer and agree upon a detailed schedule in compliance with this deadline. Absent extraordinary circumstances, the failure of one defendant to appear as scheduled shall not constitute an excuse for the refusal of others to submit to deposition as scheduled and within the deadline fixed above. Any party may apply for a swearability hearing where the swearability of a deponent is in question.

7. **Other Demands:**
   a:   Demands for "Discovery and Inspection," if not already served, shall be served within thirty (30) days of this order and shall be responded to within thirty (30) days thereafter;
   b:   Post EBT demands shall be served no later than 30 days after completion of depositions and shall be responded to within 30 days from service.

8. **Physical Examinations and Reports (Uniform Rule 202.17):**
In Personal Injury actions, physical examination(s) of the plaintiff shall be designated, with a copy to all parties, within 20 days of plaintiff's deposition and shall be completed within 45 days of plaintiff's deposition. At least 20 days before the date of such examination the plaintiff shall provide copies, to all other parties, of the medical records of providers who previously treated or examined plaintiff with respect to the injuries alleged. A copy of the report of the examining physician shall be served on all parties within 30 days of said examination.

FILED: KINGS COUNTY CLERK 03/17/2022 09:20 AM

NYSCEF DOC. NO. 11

INDEX NO. 519558/2021

RECEIVED NYSCEF: 03/17/2022

9.    **Other Disclosure:**
      All parties shall supply expert witness disclosure pursuant to the CPLR. All other disclosure shall be completed by the date of the Compliance Conference.

10.   **Impleader:**
      Impleader actions shall be completed within 45 days after completion of all court-ordered depositions.

11.   **Compliance Conference:**
      a:    A   mandatory   compliance   conference   shall   be   held   on _____8/8/2022_____, 9:30 AM at the Courthouse, 360 Adams Street, Room 228.

      b:    At the Compliance Conference, the court may direct additional discovery not outlined herein.

12.   **Note of Issue:**
      A Note of Issue shall be filed on or before _____11/7/2022_____.

13.   **Summary Judgment Motions:**
      Summary judgment motions shall be made no later than 60 days after filing of the Note of Issue. This time limit may only be extended by motion upon "good cause shown." Summary Judgment motions made before filing the Note of Issue do not stay discovery ordered herein.

14.   **Trial Authorizations:**
      Properly executed HIPAA compliant authorizations shall be served on all defendants within 60 days after filing the note of issue. All such authorizations shall be valid through the end of trial.

15.   **Resolution of Disputes:**
      If disputes arise about compliance with this Order, the parties shall confer to try to resolve them. Absent good cause shown, non-compliance with this order, including the failure to raise discovery problems in advance of deadlines, may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of a pleading, costs, sanctions and attorneys

Page 5 of 6

FILED: KINGS COUNTY CLERK 03/17/2022 09:20 AM

NYSCEF DOC. NO. 11

INDEX NO. 519558/2021

RECEIVED NYSCEF: 03/17/2022

fees. Nothing in this paragraph relieves counsel of the obligation of demonstrating sufficient good faith efforts to resolve their discovery disputes without resort to court intervention via motion (see 22 NYCRR 202.7[a][2]).

**16.    Stipulations of Discontinuance:**
Plaintiff(s) shall ensure that a stipulation of discontinuance shall be promptly filed if the case settles before the next meeting with the court.

**ALL PARTIES ARE REQUIRED TO REVIEW ALL OUTSTANDING DISCOVERY DEMANDS SERVED UPON ANOTHER PARTY PRIOR TO THE DATE OF THIS ORDER. IT IS THE INTENT OF THIS PRELIMINARY CONFERENCE ORDER TO RULE UPON ALL OF THESE OPEN DISCOVERY DEMANDS. PURSUANT TO UNIFORM RULES SECTION 202.12 (C) & (D), THIS ORDER REPRESENTS THE COURT'S RULING UPON ANY OUTSTANDING DISCOVERY DEMANDS PREVIOUSLY SERVED UPON A PARTY OTHER THAN THOSE ITEMS SPECIFICALLY EXCEPTED. THIS ORDER DOES NOT PRECLUDE ANY PARTY FROM SERVING POST-CONFERENCE DISCOVERY DEMANDS OR MAKING ANY MOTION PURSUANT TO THE CPLR.**

ENTER,

_Lawrence Knipel_

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

Page 6 of 6